OPINION OF THE COURT
Julian Hertz, J.
The defendant, Agatha Reid, 42 years of age, has been charged with attempted grand larceny in the third degree, by extortion (Penal Law, §§ 110.00, 155.30, subd 6), a class A misdemeanor. A preliminary hearing was held before me on May 4, 1978. At its conclusion, the defendant moved that the charges be dismissed on the theory that the People had failed to shoulder their evidentiary burden of demonstrating reasonable cause to believe that the defendant committed the misdemeanor charged. The court now disposes of that motion.
It is alleged that on November 11, 1977, the defendant Reid asked the complainant, Emily Williams, for $10,000 in ex *778 change for Reid dropping a complaint for rape against complainant Williams’ husband. The incident allegedly took place in this courthouse, in a hall outside of a courtroom. The defendant Reid is the complainant in a rape prosecution against a Sylvester Cox. This complainant claims a common-law relationship with Cox.
Grand larceny in the third degree, in violation of subdivision 6 of section 155.30 of the Penal Law is committed when a person steals property and when the property, regardless of its nature and value, is obtained by extortion. Larceny by extortion is further defined in subdivision 2 of section 155.05 of the Penal Law as follows: "A person obtains property by extortion when he compels or induces another person to deliver such property to himself or to a third person by means of instilling in him a fear that, if the property is not so delivered, the actor or another will” (emphasis supplied), followed by a list of nine specific clauses delineating the nature of the threat or type of intimidation by which the larceny is intended to be effectuated.
Clause (vii) reads as follows: "Testify or provide information or withhold testimony or information with respect to another’s legal claim or defense”. It, apparently, is the only subdivision possibly or remotely applicable to the facts of this case.
"[E]xtortion in its true sense is nothing more than a wrongful acquisition of property (by intimidation) with larcenous intent (cf. former Penal Law § 850) * * * where the degree of a larceny by extortion is determined not alone by the value of the property obtained but also by the fact of intimidation and the kind of threat employed (Revised Penal Law §§ 155.30 [6], 155.40).” (Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 155.05, p 115.)
The Court of Appeals long ago in People v Thompson (97 NY 313, 318) held, "No precise words are needed to convey a threat. It may be done by innuendo or suggestion. To ascertain whether a letter [or conversation] conveys a threat, all its language, together with the circumstances under which it was written [or spoken], and the relations between the parties may be considered, and if it can be found that the purport and natural effect of the letter [or conversation] is to convey a threat, then the mere form of words is unimportant.” (Emphasis supplied; see, also, People v Dioguardi, 8 NY2d 260, 269.)
Viewed in a light most favorable to the People, it may well be, that the conversation herein implied a threat. The ' *779 statute, nevertheless, requires more than this. To constitute a threat, the conversation must instill in the victim a fear. See People v Raffa (90 Misc 2d 97, 98), where the court said "The sine qua non, then, for a finding of extortion is the 'instilling in him [the victim] a fear’.”
The predecessor to the present extortion statute was found in section 850 of the former Penal Law and provided as follows: "Extortion is the obtaining of property from another, or obtaining the property of a corporation from an officer, agent or employee thereof, with his consent, induced by a wrongful use of force or fear, or under color of official right.” (Emphasis supplied.)
While discussing extortion under this statute (former Penal Law, § 850), the Court of Appeals in Dioguardi (supra, p 268) said: "Moreover, it is not essential that a defendant create the fear existing in the mind of his prospective victim so long as he succeeds in persuading him that he possesses the power to remove or continue its cause, and instills a new fear by threatening to misuse that power as a device to exact tribute. (People v. Weinseimer, 117 App. Div. 603, 607, supra; Calla-nan v. United States, 223 F. 2d 171, cert, denied 350 U.S. 862; United States v Varlack, 225 F. 2d 665). Our statute, as well as the Hobbs or Federal Anti-Racketeering Act (U.S. Code, tit. 18, § 1951, subd. [b], par. [2]) which was patterned after it (United States v. Sweeney, 262 F. 2d 272, 275, fn. 3), talks in terms of a wrongful use of fear, and the ultimate issue ' "is not so much the cause of the victim’s fear, as it is whether or not defendants played upon that fear, in other words, made use of that fear to extort money or property” ’ (Callahan v. United States, 223 F. 2d 171, 174, supra).”
Significantly, in deleting the terminology "wrongful use of force or fear” from the current statute, it could be argued that the gravamen of the offense now requires the instilling of a fear by the use of a threat, innuendo, or otherwise, rather than by the exploitation of a previously existing fear. However that may be, this court notes that the complainant’s testimony negates the requisite element of intimidation or fear that is required. She testified as follows:
"Q. Could you please tell the Court what if anything occurred between you and the defendant on that date? [Referring to November 11, 1977.]
"A. Yes, she asked me for $10,000 to drop the case against my husband.
*780 "Q. And what did you tell her when she asked you for
$10,000?
"A. I told her I wasn’t gonna give her no money.”
The defendant’s motion is hereby granted and the complaint is dismissed with the following added comment. A motion was made by the District Attorney to add a charge of attempted bribery. The court reserved decision. The statute requires that there be proof adduced that an accused would alter her testimony should the District Attorney continue the prosecution. Nothing in this record supplies that proof. Nor was there proof that the defendant threatened in any way to absent herself from or otherwise seeks to avoid appearing as required by the Assistant District Attorney. That she might, in some way, frustrate continued prosecution at a future time (assuming the payment of a consideration sufficient to satisfy her grievance) assumes something not now before this court. Such an assumption involves wholly impermissible speculation.
For these reasons, the motion to add a charge of attempted bribery (Penal Law, §§ 110.00, 215.05) is likewise denied.